NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: LAKE MATHEWS MINERAL
PROPERTIES, LTD.,

           Debtor,

_____

PAUL MERRITT,

           Appellant,

  v.

LAKE MATHEWS MINERAL
PROPERTIES, LTD.; ELISSA D. MILLER,
Trustee,

           Appellees.

No.   20-55684

D.C. No. 2:19-cv-09063-DOC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

_____

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Paul Merritt appeals pro se from a district court order affirming the bankruptcy court's denial of his motion to dismiss a bankruptcy case, and from the district court order denying reconsideration. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

The district court denied Merritt's motion for reconsideration on the ground that Merritt had not satisfied the requirements of Federal Rules of Civil Procedure 60(b) or 59(e), and because the district court had fully considered the fraud assertions. We review for an abuse of discretion, *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993), and find none. Merritt simply repeats the assertions as to bankruptcy fraud that the district court had considered and found unsupported by the record.

Merritt also challenges the bankruptcy court's denial of his motion to dismiss the bankruptcy case for fraud, which the district court summarily affirmed. The court reviews de novo a district court decision on appeal from a bankruptcy court, applying the same standard of review applied by the district court. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). We therefore review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Id.* The bankruptcy court considered Merritt's assertions of bankruptcy fraud. The bankruptcy court concluded, among other things, that Merritt was estopped from

2

arguing that the filing of the bankruptcy petition was unauthorized, and that Merritt's motion had been brought for an improper purpose. Merritt does not address the estoppel holding; rather, he challenges factual findings, asserting that the record established fraud. Merritt's briefing is largely comprised of allegations unmoored from the record, and he has not shown clear error.

**AFFIRMED.**